Nos. 24-5407, 24-5459

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LYNWOOD PICKENS,

*Plaintiff – Appellant/Cross-Appellee,*

v.

HAMILTON-RYKER IT SOLUTIONS, LLC

*Defendant – Appellee/Cross-Appellant.*

On Appeal from the United States District Court
for the Middle District of Tennessee
Nashville Division

FOURTH BRIEF
REPLY BRIEF OF APPELLEE/CROSS-APPELLANT
HAMILTON-RYKER IT SOLUTIONS, LLC

**Ashlee Cassman Grant**
Texas Bar No. 24082791
Federal ID No. 1607786
**Jennifer R. DeVlugt**
Texas Bar No. 24094624
Federal ID No. 3323698
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
agrant@bakerlaw.com
jdevlugt@bakerlaw.com

**Lauren T. Stuy**
Ohio Bar No. 0098853
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone:  (216) 621-0200
lstuy@bakerlaw.com

**ATTORNEYS FOR DEFENDANT – APPELLEE/CROSS-APPELLANT**

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................1

ARGUMENT ..........................................................................................2

I.  PICKENS'S INTERPRETATION OF *CLARK* RUNS AFOUL OF THE PLAIN LANGUAGE OF THE FLSA AND WELL-ESTABLISHED PRECEDENT. ....................................................2

II. THE OPT-IN PLAINTIFFS FAIL TO REFUTE THAT IT IS UNDISPUTED THEY WERE SIMILARLY SITUATED TO PICKENS. ...............................................................8

    A.  PLAINTIFFS, NOT HR-IT, HAD THE BURDEN TO MOVE FOR A FINAL DETERMINATION AS TO WHETHER OPT-IN PLAINTIFFS WERE SIMILARLY SITUATED. .............................9

    B.  HR-IT'S AGREEMENT CONDITIONALLY CERTIFYING THE CLASS AND ITS FAILURE TO LATER DECERTIFY THE CLASS DEMONSTRATE HR-IT DID NOT DISPUTE THE OPT-IN PLAINTIFFS WERE SIMILARLY SITUATED TO PICKENS. ..........................10

    C.  ALTHOUGH NOT "CONCLUSIVE" THE DISTRICT COURT'S JUDGMENT CONFIRMS THE OPT-IN PLAINTIFFS ARE SIMILARLY SITUATED TO PICKENS. ...............................12

III. THE OPT-IN PLAINTIFFS SHOULD NOT BE REWARDED FOR THEIR FAILURE TO SEEK A FINAL DETERMINATION THAT THEY ARE SIMILARLY SITUATED TO PICKENS. ...............14

    A.  THE OPT-IN PLAINTIFFS CANNOT SIMULTANEOUSLY PURSUE IDENTICAL CLAIMS IN TWO SEPARATE COURTS, AS THEY ARE NOW ATTEMPTING TO DO. .............................14

    B.  HR-IT WOULD FACE SIGNIFICANT PREJUDICE IF THE OPT-IN PLAINTIFFS ARE ALLOWED TO CLAIM THEY WERE NEVER PARTY PLAINTIFFS TO DODGE AN UNFAVORABLE RULING, WHILE SIMULTANEOUSLY ASSERTING THEIR STATUS AS PARTY PLAINTIFFS TO PAUSE THE STATUTE OF LIMITATIONS. .............................16

    C.  THE OPT-IN PLAINTIFFS FAIL TO REFUTE THAT ALLOWING THEM TO ESCAPE THE DISTRICT COURT'S ADVERSE DECISION WOULD BE AKIN TO IMPERMISSIBLE ONE-WAY INTERVENTION. .....................18

D.    BY ALLOWING THE OPT-IN PLAINTIFFS TO NOW PURSUE THEIR
CLAIMS IN TEXAS, THIS COURT WOULD BE ENDORSING IMPROPER
JUDGE SHOPPING. ................................................................................20

CONCLUSION .........................................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anson v. Univ. of Tex. Health Sci. Ctr. at Hous.*,
   962 F.2d 539 (5th Cir. 1992) ............................................................4

*Atkinson v. TeleTech Holdings, Inc.*,
   No. 3:14-CV-253, 2015 WL 853234 (S.D. Ohio Feb. 26, 2015) ......................17

*Belser v. Washington*,
   No. 16-2634, 2017 WL 5664908 (6th Cir. Sept. 13, 2017) ................................15

*Bobbitt v. Broadband Interactive, Inc.*,
   No. 8:11-CV-2855-T-24, 2012 WL 1898636 (M.D. Fla. May 23,
   2012) ............................................................................................18

*Cafrelli v. Yancy*,
   226 F.3d 492 (6th Cir. 2000) ..............................................................7

*Cahalan v. Rohan*,
   423 F.3d 815 (8th Cir. 2005) ............................................................21

*Campbell v. City of Los Angeles*,
   903 F.3d 1090 (9th Cir. 2018) ............................................................3

*Canaday v. Anthem Companies, Inc.*,
   9 F.4th 392 (6th Cir. 2021) ............................................................3, 5

*Clark v. A&L Homecare & Training Ctr., LLC*,
   68 F.4th 1003 (6th Cir. 2023) ....................................................*passim*

*Colorado River Water Conservation Dist. v. U.S.*,
   424 U.S. 800 (1976) ........................................................................16

*Dennington v. Brinker Int'l Payroll Co., L.P.*,
   No. 3:09-CV-1489-D, 2010 WL 4352619 (N.D. Tex. Nov. 3, 2010) ...............18

*Donaldson v. Lyon*,
   No. 20-2055, 2021 WL 1625413 (6th Cir. Feb. 16, 2021) ................................14

*Fidel v. Farley*,
    534 F.3d 508, 512 (6th Cir. 2008) ....................................................14

*Firexo, Inc. v. Firexo Grp. Ltd.*,
    99 F.4th 304 (6th Cir. 2024) .............................................................5

*Garcia v. RickeyO Constr., LLC*,
    No. 2:23-CV-02426-ATC, 2024 WL 1741349 (W.D. Tenn. Mar.
    13, 2024) .........................................................................................17

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013)........................................................................2, 7

*Halle v. W. Penn Allegheny Health Sys. Inc.*,
    842 F.3d 215 (3d Cir. 2016) ..............................................................3

*Hernandez v. City of El Monte*,
    138 F.3d 393 (9th Cir. 1998) ...........................................................20

*Hughes v. Berryhill*,
    No. CV 16-352-ART, 2017 WL 3000035 (E.D. Ky. Feb. 21, 2017)................22

*Knepper v. Rite Aid Corp.*,
    675 F.3d 249 (3d Cir. 2012) ...........................................................20

*Marino v. Ortiz*,
    484 U.S. 301 304 (1988)..................................................................14

*McElroy v. Fresh Mark, Inc.*,
    No. 5:22-CV-287, 2023 WL 4904065 (N.D. Ohio Aug. 1, 2023) ......................7

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) ....................................16

*Merritt v. Hamilton-Ryker IT Sols, Inc.*,
    No. 3:24-cv-00107, R. 1 (S.D. Tex. Apr. 12, 2024)...........................................15

*Mickles v. Country Club Inc.*,
    887 F.3d 1270 (11th Cir. 2018) ..........................................................3

*Miles v. Ill. Cent. R. Co.*,
    315 U.S. 698 (1942) (Jackson, J., concurring) ...................................................21

iv

*In re Murray*,
   No. 23-1797, 2024 WL 1698146 (6th Cir. Apr. 19, 2024)................................20

*O'Brien v. Ed Donnelly Enterprises, Inc.*,
   575 F.3d 567 (6th Cir. 2019) ...............................................................21, 22

*Pierce v. Wyndham Vacation Resorts, Inc.*,
   922 F.3d 741 (6th Cir. 2019) .............................................................10

*Pittman v. Moore*,
   980 F.2d 994 (5th Cir. 1993) .............................................................15

*Sandoz v. Cingular Wireless LLC*,
   553 F.3d 913 (5th Cir. 2008) .............................................................12

*Simmons v. United Mortg. and Loan Inv., LLC*,
   634 F.3d 754 (4th Cir. 2011) ...............................................................3

*Tanner v. Navy Fed. Credit Union*,
   No. 3:24-CV-69-B-BN, 2024 WL 130756 (N.D. Tex. Jan. 10, 2024)...............21

*Townsend v. Soc. Sec. Admin.*,
   486 F.3d 127 (6th Cir. 2007) .............................................................17

*Vanegas v. Signet Builders, Inc.*,
   No. 23-2964, 2024 WL 3841024 (7th Cir. Aug. 16, 2024)................................20

*Vengurlekar v. Silverline Tech., Ltd.*,
   220 F.R.D. 222 (S.D.N.Y. 2003) .......................................................12

*Walsh v. KDE Equine, LLC*,
   56 F.4th 409 (6th Cir. 2022) .............................................................16

*Waters v. Day & Zimmermann NPS, Inc.*,
   23 F.4th 84 (1st Cir. 2002)..................................................................3

*Watson v. Advanced Distr. Servs., LLC*,
   298 F.R.D. 558 (M.D. Tenn. 2014) .....................................................11

*Wilson v. Schlumberger Tech. Corp.*,
   80 F.4th 1170 (10th Cir. 2023) ...........................................................13

v

*Woods v. Millenium Search, LLC,*
No. 2:23-cv-2455 .................................................................................7

*Wright v. Spaulding,*
939 F.3d 695 (6th Cir. 2019) .............................................................5

**Statutes**

29 U.S.C. § 216(b) ........................................................................*passim*

29 U.S.C. § 255 ......................................................................................16

29 U.S.C. § 256(b) ................................................................................16

## INTRODUCTION

Plaintiffs' opposition is most notable for what it does *not* say. Plaintiffs ignore that the Middle District of Tennessee expressly stated that the Opt-In Plaintiffs are similarly situated to Pickens in its summary judgment opinion. They do not contest the specific language from their opt-in consent forms agreeing to "be bound by" the district court's decision. They do not deny that they gave written consent to become a party to the *Pickens* case. They ignore that the district court never dismissed the Opt-In Plaintiffs from the case. They disregard the plain language from 29 U.S.C. § 216(b) and well-established precedent that an employee becomes a party plaintiff by filing his or her consent notice. And they pretend not to notice that the Opt-In Plaintiffs have, in fact, admitted that they are bound by the district court's adverse summary judgment ruling by virtue of Pickens, "together with all Opt-in Plaintiffs," appealing the merits of the case. *Notice of Appeal,* R. 120, Page ID # 2865.

Unable to contest these fatal admissions, Plaintiffs ask this Court to turn a blind eye to the prejudice suffered—and to be suffered—by Hamilton-Ryker IT Solutions ("HR-IT") if the Opt-In Plaintiffs are found to not be party plaintiffs. Plaintiffs pretend that they are not speaking out of both sides of their mouth by appealing the district court's summary judgment decision while simultaneously arguing that the adverse decision only applies to Pickens. Likewise, the Opt-In Plaintiffs overlook the absurdity of their position that the filing of their notices of

1

consents did not render them party plaintiffs with respect to the district court's unfavorable ruling on the merits of their claims while at the same time arguing their filing of consents rendered them party plaintiffs for purposes of tolling the statute of limitations on their claims. The Opt-In Plaintiffs cannot have their cake and eat it too. Instead, the district court's determination that the Opt-In Plaintiffs were not plaintiffs to this lawsuit, despite each affirmatively filing consents, is a perversion of the Clark decision and a clear error that requires reversal as a matter of law.

## ARGUMENT

### I. PICKENS'S INTERPRETATION OF *CLARK* RUNS AFOUL OF THE PLAIN LANGUAGE OF THE FLSA AND WELL-ESTABLISHED PRECEDENT.

According to the district court, this Court's decision in *Clark* now requires two requirements be met before any individual may become a party plaintiff to an FLSA collective action: (1) the individual must file a written notice of consent with the court *and* (2) the court must make a *conclusive* determination that the individual is similarly situated to the named plaintiff. *Memorandum*, R. 117, PageID #2855, n. 2. However, the Supreme Court, in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013), explained that while "'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action[,]" employees who receive court-approved written notice "*become parties to a collective action only by filing written consent with the court*." 569 U.S. at 75 (emphasis added) (citing 29 U.S.C. § 216(b)). The plain language of § 216(b) also

2

supports the position that those who opt into an FLSA collective action become party plaintiffs upon the filing of a consent and that nothing further is required. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Further, nearly all circuits to address this issue – including this Court – have found that opt-in plaintiffs are conferred party plaintiff status as soon as they file consent forms, and that nothing further is required. *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402–03 (6th Cir. 2021) ("Once they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action. . . . enjoying the same status in relation to the claims of the lawsuit as do the named plaintiffs"); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 91 (1st Cir.), cert. denied, 142 S. Ct. 2777, 213 L. Ed. 2d 1016 (2022) ("the opt-ins who filed consent forms with the court became parties to the suit upon filing those forms. Nothing else is required to make them parties."); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent and that nothing further, including conditional certification, is required."); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) ("The FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.'") (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016)); *Simmons*

*v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 758 (4th Cir. 2011) ("[I]n a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a 'party plaintiff' by giving 'his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'"); *Anson v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 962 F.2d 539, 540 (5th Cir. 1992) ("Under Section 216(b), an employee may become an 'opt-in' party plaintiff to an already filed suit by filing written consent with the court where the suit is pending.").

Plaintiffs now claim that this Court in *Clark v. A&L Homecare & Tr. Ctr.*, 68 F.4th 1003 (6th Cir. 2023), departed from this well-established precedent that an employee becomes a party-plaintiff to an FLSA collective action immediately upon the filing of a written notice of consent. Third Br. at 33-39. Contrary to Plaintiffs' contentions, *Clark* neither changes nor overrules the well-established precedent that nothing more was required for the Opt-in Plaintiffs to become party plaintiffs to this lawsuit. This Court in *Clark* began its analysis by reiterating that §216(b) provides that an opt-in becomes a party plaintiff by filing his or her notice of consent. *Id.* at 1007 ("[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such party and such consent is filed in the court in which the action is brought") (quoting 29 U.S.C. § 216(b)). HR-IT's interpretation that *Clark* did not change this well-established precedent is further confirmed by

4

*Clark*'s citation to and reliance upon *Canaday*, when determining the appropriate

notice standard for FLSA collective actions:

> Specifically, unlike a Rule 23 class action, an FLSA collective action is not representative—meaning that "all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action."…Thus—in contrast to members of a Rule 23 class— similarly situated employees who join an FLSA action become parties with "the same status in relation to the claims of the lawsuit as do the named plaintiffs."

*Id.* at 1009 (quoting *Canaday*, 9 F.4th at 402 (emphasis added)).

Plaintiffs' interpretation and application of *Clark* is mistaken insomuch as

they confuse the holding in *Clark* with its dicta. As this Court is well-aware, dicta is

not binding precedent:

> Of the principles that we use to distinguish holdings from dicta . . . [t]he first is that to be a 'holding,' the statement or conclusion "must contribute to the judgment," because "a conclusion that does nothing to determine the outcome is dictum and has no binding force. . . . The other principle is that for a statement or conclusion to be a "holding," the court must have "considered the issue and consciously reached a conclusion about it," because "questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."

*Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 325-26 (6th Cir. 2024) (quoting *Wright*

*v. Spaulding*, 939 F.3d 695, 701-02 (6th Cir. 2019)).

*Clark* addressed "the manner in which other employees come to learn about

the existence of an FLSA suit itself." 68 F.4th at 1007. Specifically, "the showing of

similarity that is necessary for a district court to facilitate notice of an FLSA suit to

employees who were not originally parties to the suit." *Id.* In response to this question, this Court "h[e]ld that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." 68 F.4th 1003, 1011 (6th Cir. 2023).

To support their conclusion that *Clark* stands for the proposition that the Opt-In Plaintiffs are not party plaintiffs because the court never definitively found they were similarly situated to Pickens, Plaintiffs and the district court relied exclusively on one sentence from *Clark* wherein this court noted that "'other employees' become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." Third Br. at 34 (quoting *Clark*, 68 F.4th at 1009). This statement, however, is dicta because it does not impact the holding in *Clark* regarding to whom any court approved notice would be sent. To the contrary, *Clark*'s holding with respect to what individuals would get Court-approved notice is an issue that is wholly separate from and has no bearing on the party status of those individuals who file written notices of consent. This Court in *Clark* explicitly acknowledged this when it explained "But—whether called 'conditional certification' or otherwise—<u>the notice determination has zero effect on</u>

the character of the underlying suit. On that point the Supreme Court has been clear."
*Id.* (citing *Genesis Healthcare*, 569 U.S. at 75) (emphasis added).[1]

Again mistaking dicta for precedent, the Opt-In Plaintiffs cite to a Western District of Tennessee case to argue that "courts in this Circuit" interpret *Clark* to mean that "[o]pt-in plaintiffs only become full party plaintiffs after the court makes a final determination they are similarly situated." Third Br. at 35. Of course, this Court is not bound by the interpretations of its own opinion by district courts. *See Cafrelli v. Yancy,* 226 F.3d 492, 496 (6th Cir. 2000) (disagreeing with the district court's interpretation of the Wiretap Act). Moreover, the Opt-in Plaintiffs' "supporting" authority relies solely upon the district court decision now at issue. Third Br. at 35 (citing *Woods v. Millenium Search, LLC*, No. 2:23-cv-2455, SHL-cgc, ECF No. 35 at Page ID # 120 (quoting *Pickens v. Hamilton-Ryker It Sols., Inc.*, No. 3:20-cv-00141, 2024 WL 1337185, at *1, n.2 (M.D. Tenn. Mar. 28, 2024))). In other words, the Opt-in Plaintiffs offer nothing but circular logic in support of their assertion that this single sentence of dicta is now precedent.

---

[1] Further, while *Clark* imposed a heightened requirement on the plaintiffs to demonstrate a strong likelihood of being similarly situated before court-approved notice can go out, the "final determination" of whether opt-ins are similarly situated or not still happens *after* the notice phase in a separate analysis. *See McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 4904065, at *6 (N.D. Ohio Aug. 1, 2023) (examining *Clark* and explaining that after notice is sent, the court can later make a factual "similarly situated" merits determination "at a time when the defendant is free to move to dismiss any opt-in plaintiff who turns out to be dissimilar"). Therefore, a district court's final determination of whether or not opt-ins are, in fact, similarly situated to the named plaintiff has no bearing on whether or not notice would go out under the *Clark* standard.

This Court began its *Clark* opinion by lamenting how "[d]istrict courts nationwide have had little guidance" on what the proper "showing of similarity . . . is necessary for a district court to facilitate notice of an FLSA suit to employees who were not originally parties to the suit." *Clark,* 68 F.4th at 1007. That was the purpose of *Clark* – to provide guidance to district courts on what, exactly, the level of similarity showing is required before court-approved notice may go out to "potential plaintiffs." *Clark*'s purpose was not to overrule well-established precedent and the §216(b)'s statutory language providing that individuals become party plaintiffs upon filing written notices of consent. Even under *Clark* the Opt-In Plaintiffs became party plaintiffs when they filed their notices of consent. Accordingly, the district court erred when it held that the Opt-In Plaintiffs were not party plaintiffs bound to its Order dismissing the case on the merits.

## II.    THE OPT-IN PLAINTIFFS FAIL TO REFUTE THAT IT IS UNDISPUTED THEY WERE SIMILARLY SITUATED TO PICKENS.

From the outset of this case, Pickens has asserted that he was bringing this lawsuit "individually and for others similarly situated." *Complaint*, R. 1, Page ID ## 1-2 ("Pickens brings this action on behalf of himself and other similarly situated workers who were paid by Hamilton-Ryker's 'straight time for overtime' system."). This stance has not changed. The Opt-In Plaintiffs never filed withdrawal notices from, nor did Pickens amend his Complaint to make it a single-plaintiff case. Instead, Pickens and the Opt-In Plaintiffs engaged in discovery into their claims for unpaid

overtime and ultimately both parties moved for summary judgment with respect to Pickens and the Opt-In Plaintiffs' claims for unpaid overtime. *See* Second Br. at 18-24. Even now, Pickens is not suddenly pursing this case as a single plaintiff – he continues to include the opt-ins at every juncture. Pickens is appealing the district court's decision on his own behalf as well as "together with all Opt-in Plaintiffs." *Notice of Appeal*, R. 120, Page ID # 2865. Nevertheless, in order to circumvent the district court's ruling in HR-IT's favor, Pickens asks this Court to overlook not only well-established precedent concerning their status as party plaintiffs, but also the extensive procedural record establishing that Pickens, the Opt-In Plaintiffs, HR-IT and even the district court agreed the Opt-In Plaintiffs were similarly situated. Further, it's hard to believe, as the Opt-In Plaintiffs to now suggest, that this Court's intention in *Clark* was to prejudice defendants, like HR-IT, who received a favorable ruling on the merits of their case after years of discovery on opt-ins whose similarity was never disputed.

A.    PLAINTIFFS, NOT HR-IT, HAD THE BURDEN TO MOVE FOR A FINAL DETERMINATION AS TO WHETHER OPT-IN PLAINTIFFS WERE SIMILARLY SITUATED.

Seemingly recognizing the procedural conundrum and obvious prejudice the district court's decision created with respect to the status of the Opt-In Plaintiff's claims, Plaintiffs argue that any prejudice to HR-IT was of its own making because it had the obligation to inform the district court that "it no longer disputes whether

9

the Opt-in Plaintiffs were similarly situated." Third Br. at 40-41. In other words, the Opt-In Plaintiffs argue that the district court cannot not make a final determination as whether they are similarly situated to Pickens without affirmative action by HR-IT. Third Br. at 40. This is incorrect.

Although *Clark* changed the applicable standard that must be met in order for a district court to facilitate notice of an FLSA suit to other similarly situated employees, it did not change the party who bears that burden: "[T]o be clear, '[e]mployees bear the burden of satisfying this requirement'" [of "whether the plaintiffs have made the requisite showing of similarity"]. *Clark*, 68 F.4th at 1012 (emphasis added) (quoting *Pierce v. Wyndham Vacation Resorts, Inc.*, 922 F.3d 741, 744 (6th Cir. 2019) ("The heart of the matter is whether the plaintiffs should be permitted to bring their claims of liability and damages as a group based on representative, rather than personal, evidence. Employees bear the burden of satisfying this requirement.") (internal citations omitted). Thus, if the district court is correct that a conclusive finding that the Opt-In Plaintiffs were similarly situated to Pickens was necessary before the Opt-In Plaintiffs became party plaintiffs, the obligation to get a conclusive finding rested with Pickens and the Opt-In Plaintiffs – not HR-IT. Yet, Plaintiffs' counsel failed to do so.

B.   HR-IT's Agreement Conditionally Certifying the Class and its Failure to Later Decertify the Class Demonstrate HR-IT Did Not Dispute the Opt-In Plaintiffs Were Similarly Situated to Pickens.

10

Although the record establishes that after filing the Joint Stipulation, there was no dispute the Opt-In Plaintiffs were similarly situated to Pickens, the Opt-In Plaintiffs argue the district court still believed that HR-IT disputed whether they were similarly situated because HR-IT did not expressly admit they were similarly situated to Pickens and, instead, reserved the right to file a motion for decertification. Third Br. at 40-41 (citing *Signed Stipulation*, R. 28, PageID #113). However, HR-IT's statement in the Joint Stipulation simply preserved HR-IT's right to file a motion for decertification after the close of discovery.

The Opt-In Plaintiffs further contend HR-IT "never told the court it no longer disputes whether the Opt-in Plaintiffs were similarly situated." Third Br. at 40-41. But HR-IT *did* inform the Court that it did not dispute the similarly situated status of the opt-in plaintiffs. Specifically, HR-IT did *not* file a motion for decertification of the conditionally certified class as it would have done under the then-applicable pre-*Clark* precedent if it disputed that the opt-ins were similarly situated to Pickens.[2] *See, e.g., Watson v. Advanced Distr. Servs., LLC*, 298 F.R.D. 558, 562 (M.D. Tenn. 2014) ("After discovery, the defendant *may* move for decertification of the conditional class.") (emphasis added). The fact that Plaintiffs' counsel failed to move for final certification corroborates HR-IT's argument that the parties did not

---

[2] The deadline by which HR-IT was required to file a motion for decertification was March 30, 2021 – more than *two years* prior to this Court's issuance of its decision in *Clark. See December 4, 2020 Order*, R. 49, PageID #193.

11

dispute that the plaintiffs were similarly situated. Finally, that both parties moved for summary judgment with respect to Pickens and the Opt-In Plaintiffs' claims also conclusively establishes there was no dispute that the Opt-In Plaintiffs were similarly situated to Pickens.

C. ALTHOUGH NOT "CONCLUSIVE" THE DISTRICT COURT'S JUDGMENT CONFIRMS THE OPT-IN PLAINTIFFS ARE SIMILARLY SITUATED TO PICKENS.

Setting aside the fact that the *Opt-In Plaintiffs* (not HR-IT) had the duty to move the district court to make a final determination regarding whether they were similarly situated to Pickens, the district court also could have made this undisputed determination *sua sponte. See, e.g., Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008) ("the district court could have *sua sponte* conditionally certified the collective action"); *Vengurlekar v. Silverline Tech., Ltd.*, 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (*sua sponte* denying collective action certification where named plaintiffs were exempt from the FLSA's requirements). This is especially true here where the district court repeatedly recognized that the Opt-In Plaintiffs were, in fact, similarly situated to Pickens:

- "This case concerns Plaintiff Lynwood Pickens' claim that Defendant [HR-IT] improperly classified Pickens *and other similarly situated employees* as exempt from overtime pay requirements of the [FLSA]." *Judgment*, R. 117, Page ID # 2853 (emphasis added);

- "This action concerns Pickens *and other HR-IT employees* who were assigned to the Freeport Project. *HR-IT classified all of these employees as exempt from the FLSA. The employees were paid over $100,000 per year.* Pursuant to the

12

HR-IT's Rate of Pay Policy, which went into effect on August 1, 2017, *these employees were paid a guaranteed weekly amount . . . Employees were paid this guaranteed amount on weeks in which they performed any work, even if they worked less than eight hours*." *Judgment*, R. 117, Page ID # 2854 (emphasis added);

- "The other opt-in plaintiffs were similarly compensated with slight variations in the weekly salary an hourly rate." *Judgment*, R. 117, Page ID # 2855;

- "In this case, there is no dispute that the employees at issue met the annual income threshold under the current version of the regulation." *Judgment*, R. 117, Page ID # 2856;

- "At issue here is whether the weekly pay HR-IT *guaranteed to employees* is a 'weekly salary under Section 602(a) or an hourly rate . . ..*" *Judgment*, R. 117, Page ID # 2858;

- "Here, Pickens *and other highly compensated HR-IT employees*, received a weekly salary without regard to the number of hours or days worked." *Judgment*, R. 117, Page ID # 2858) (emphasis added); and

- "Like the plaintiff in *Wilson* [*v. Schlumberger Tech. Corp.,* 80 F.4th 1170 (10th Cir. 2023)], Pickens *and other highly compensated HR-IT employees* were paid a weekly salary that did not vary based on hours worked, plus additional compensation at an hourly rate." *Judgment*, R. 117, Page ID # 2862 (emphasis added).

Everyone—including the district court—knows that the opt-in plaintiffs are similarly situated to Pickens. Thus, the district court erred in refusing to make a final determination that the opt-in plaintiffs were similarly situated to Pickens. And if the district court did require a motion, then that motion should have come from the Opt-In Plaintiffs, not HR-IT. The Opt-In Plaintiffs should not be allowed to benefit from the oversight of their counsel to file such a motion.

13

III.   **THE OPT-IN PLAINTIFFS SHOULD NOT BE REWARDED FOR THEIR FAILURE TO SEEK A FINAL DETERMINATION THAT THEY ARE SIMILARLY SITUATED TO PICKENS.**

As discussed *supra*, the Opt-In Plaintiffs (not HR-IT) bore the burden of seeking a conclusive determination from the district court that they were similarly situated to Pickens. Yet, they failed to do so. To allow the Opt-In Plaintiffs to benefit from their own inaction creates a procedural windfall that flies in direct contravention of the purpose behind §216(b)'s collective action process and amounts to impermissible judge shopping.

A.   THE OPT-IN PLAINTIFFS CANNOT SIMULTANEOUSLY PURSUE IDENTICAL CLAIMS IN TWO SEPARATE COURTS, AS THEY ARE NOW ATTEMPTING TO DO.

The Opt-In Plaintiffs' current position that only Pickens is a party plaintiff is intellectually dishonest given that Pickens, "together with all Opt-[I]n Plaintiffs" filed their Notice of Appeal appealing the district court's judgment. *See Notice of Appeal*, R. 120, Page ID # 2865. "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." Donaldson v. Lyon, No. 20-2055, 2021 WL 1625413 (6th Cir. Feb. 16, 2021) (quoting Fidel v. Farley, 534 F.3d 508, 512 (6th Cir. 2008) (quoting Marino v. Ortiz, 484 U.S. 301 304 (1988))). In other words, the Opt-In Plaintiffs admitted they are party plaintiffs when they decided to appeal the adverse ruling on the merits.

14

Nevertheless, the Opt-In Plaintiffs rely on their own failure to affirmatively act to circumvent the district court's judgment in HR-IT's failure. It strains credulity for the Opt-In Plaintiffs to suggest they would continue to assert they are not bound by the district court's Judgment if the court had found in favor of Pickens rather than HR-IT. To the contrary, if the district court's summary judgment decision been decided in favor of Pickens, it is all but certain the Opt-In Plaintiffs would have asserted the decision applied to the entire collective rather than just Pickens. It is disingenuous for Pickens to pretend otherwise.

The Opt-In Plaintiffs' appeal here is especially disconcerting because the Opt-In Plaintiffs refiled their claims in the Southern District of Texas while appealing here. *See Merritt v. Hamilton-Ryker IT Sols, Inc.*, No. 3:24-cv-00107, R. 1 (S.D. Tex. Apr. 12, 2024). The Opt-In Plaintiffs cannot bring the exact same claims in two distinct forums at the same time. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (affirming dismissal when plaintiff's claims were "the same as those currently pending before another district court" because "it constituted repetitive litigation").[3] Duplicative litigation is an impermissible waste of judicial resources. *Belser v.*

---

[3] Notably, the Southern District of Texas agrees with HR-IT on this point. The court decided to stay the *Merritt* case pending the outcome of this appeal, explaining how forcing HR-IT "to litigate the same claims by the same parties in two different forums at the same time" . . . "makes zero sense" and wastes "judicial resources." *Merritt*, No. 3:24-cv-00107, R. 34 (S.D. Tex. Sept. 10, 2024). The court further noted that "[a]lthough Plaintiffs' counsel now suggests that 'Plaintiffs aren't pursuing their claims here [in Texas] while also appealing the *Pickens* judgment,' the Notice of Appeal says differently." *Merritt*, No. 3:24-cv-00107, R. 34 (S.D. Tex. Sept. 10, 2024).

*Washington*, No. 16-2634, 2017 WL 5664908, at *1 (6th Cir. Sept. 13, 2017) ("'As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation.'") (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

B.  <u>HR-IT</u> <u>WOULD FACE SIGNIFICANT PREJUDICE IF THE OPT-IN PLAINTIFFS ARE ALLOWED TO CLAIM THEY WERE NEVER PARTY PLAINTIFFS TO DODGE AN UNFAVORABLE RULING, WHILE SIMULTANEOUSLY ASSERTING THEIR STATUS AS PARTY PLAINTIFFS TO PAUSE THE STATUTE OF LIMITATIONS.</u>

In addition to circumventing the district court's unfavorable ruling, the Opt-In Plaintiffs are also now relying on the district court's ruling to circumvent the FLSA's statute of limitations.  In their lawsuit filed in the Southern District of Texas, the Opt-In Plaintiffs simultaneously claim they are not bound by district court's decision here because they were never party plaintiffs while at the same time asserting that their Notices of Consent tolled the statute of limitations on their claims. *See Merritt Complaint*, R. 122-1, PageID ##2889-92; *Resp. to Motion for Clarification*, R. 126, PageID #2918.

The FLSA requires a plaintiff alleging a violation to "commence" suit "within two years after the cause of action accrued." 29 U.S.C. § 255; *Walsh v. KDE Equine, LLC*, 56 F.4th 409, 414 (6th Cir. 2022) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). In a collective action, the suit "commences" for each unnamed opt-in plaintiff on the date the opt-in becomes a party plaintiff by filing a notice of consent. 29 U.S.C. § 256(b). If the

Opt-In Plaintiffs are not party plaintiffs, as they now contend, then they failed to commence their claims within two years after the end of their employment with HR-IT ended. *See Merritt Complaint,* R. 122-1, PageID ##2889-92.

To the extent the Opt-In Plaintiffs contend their claims have been equitably tolled, if this court finds they are not parties to this lawsuit, they do not have authority to move to equitably toll the statute of limitations and there is no record of Pickens requesting equitable tolling pending any final ruling on whether the Opt-In Plaintiffs are similarly situated to him. *See Garcia v. RickeyO Constr., LLC*, No. 2:23-CV-02426-ATC, 2024 WL 1741349, at *4 (W.D. Tenn. Mar. 13, 2024) (finding motion to toll statute of limitations for potential opt-in plaintiffs was premature and explaining that because potential plaintiffs do not become parties to the lawsuit until they file their written consent forms, the court lacked jurisdiction to grant them equitable relief); *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *7–8 (S.D. Ohio Feb. 26, 2015) (explaining that "Congress chose not to automatically toll the statute of limitations from the date the collective action was filed" and "Plaintiffs have the burden of proving that equitable tolling is justified.").

Moreover, each of the five factors considered by this Court when determining whether to equitable toll the statute of limitations in an FLSA collective action weigh against tolling. *See Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 132 (6th Cir. 2007) (listing the following factors to consider on the issue of equitable tolling: "1) lack of

17

notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement."). Most notably, after *Clark*, the Opt-In Plaintiffs failed to take any action to diligently obtain a conclusive determination from the district court that they were similarly situated to Pickens and tolling the statute of limitations on the Opt-In Plaintiffs claims would severely prejudice HR-IT insomuch as it would be forced to relitigate the Opt-In Plaintiffs claims. *See Dennington v. Brinker Int'l Payroll Co., L.P.*, No. 3:09-CV-1489-D, 2010 WL 4352619, at *2 (N.D. Tex. Nov. 3, 2010) (rejecting that the FLSA "limitations period was equitably tolled while [plaintiff] was a party to a [separate] collective action against Brinker International"); *Bobbitt v. Broadband Interactive, Inc.*, No. 8:11-CV-2855-T-24, 2012 WL 1898636, at *8 (M.D. Fla. May 23, 2012) (agreeing with defendant that tolling that occurred in "prior related case … cannot be used in this case to extend the limitations period").

C.    THE OPT-IN PLAINTIFFS FAIL TO REFUTE THAT ALLOWING THEM TO ESCAPE THE DISTRICT COURT'S ADVERSE DECISION WOULD BE AKIN TO IMPERMISSIBLE ONE-WAY INTERVENTION.

The Opt-In Plaintiffs claim in conclusory fashion that "if a court correctly applies the FLSA's opt-in provisions, there is no one-way intervention." Third Br. at 37. This summary dismissal misses the point raised by HR-IT. *See* Second Br. at

62-64. All of the Opt-in Plaintiffs filed their notices of consent and expressly agreed to be bound by the District Court's ruling. (*Consents*, R. 7-1, 38-1, 39-1, 40-1, 41-1, 42-1, 43-1, 46-1, Page ID ## 23, 154-160, 163, 166, 169, 172, 175, 183 ("I consent to be bound by the Court's decision.")). At that time, they became true parties to the case, regardless of how the district court ruled on the merits. If the district court's decision were to stand, what Pickens and the Opt-In Plaintiffs seek here would allow for any individual who opted into an FLSA wage and hour collective action in the Sixth Circuit to (1) intentionally fail to seek conclusive determination of the collective action; (2) wait and see whether the named plaintiff obtains a favorable judgment; and (3) either continue their claims either in the district court where the favorable ruling was obtained, or, if the named plaintiff was unsuccessful, refile their claims in another jurisdiction in order to obtain a more favorable ruling there, all while taking advantage of the FLSA's tolling provisions.

A ruling that the Opt-In Plaintiffs' claims were tolled by filing their consents but that they are not bound by the district court's Judgment would improperly permit a similar "one-way intervention" in the FLSA context: opt-ins could file consents, "sit on the sidelines," "take advantage of a victory by the plaintiff" by seeking a "similarly situated" finding, "but only the named plaintiff w[ould be] bound if the defendant prevailed." Indeed, this is precisely what the Opt-In Plaintiffs are attempting here. This outcome flies in the face of how the FLSA was drafted to

prevent impermissible one-way intervention. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 256 (3d Cir. 2012) ("[Requiring a written consent from each opt-in] foreclosed the possibility of one-way intervention in FLSA actions."); *Vanegas v. Signet Builders, Inc.*, No. 23-2964, 2024 WL 3841024, at *4 (7th Cir. Aug. 16, 2024) ("The dissent quibbles with this statutory history, positing for instance that the Portal-to-Portal Act's true purpose was to 'eliminate the possibility of "one-way intervention."' That might be. But even if so, that only bolsters our holding; *the way Congress chose to cut out the possibility of plaintiffs jumping on board after a favorable judgment was to make them true parties the moment they join the case.*") (emphasis added). Accordingly, the opt-ins should be bound by the adverse ruling of the district court on the merits of their claims.

> D.     BY ALLOWING THE OPT-IN PLAINTIFFS TO NOW PURSUE THEIR CLAIMS IN TEXAS, THIS COURT WOULD BE ENDORSING IMPROPER JUDGE SHOPPING.

The Opt-ins' attempt to jump to the Fifth Circuit—where the *Gentry* case ruled that the pay practice at issue here violates the salary basis test—is blatant forum shopping. Such brazen abuse of judicial process is an affront to public policy. *See In re Murray*, No. 23-1797, 2024 WL 1698146, at *3-4 (6th Cir. Apr. 19, 2024) (affirming district court's sanctions order when plaintiffs "engaged in forum shopping and improper removal"); *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes 'conduct which abuses the

judicial process.'") (citation omitted); *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to . . . seek a more favorable forum."); *Miles v. Ill. Cent. R. Co.*, 315 U.S. 698, 706-07 (1942) (Jackson, J., concurring) (noting that plaintiffs cannot go shopping for a judge or jury). Indeed, "[j]udge shopping concerns are particularly acute when"—as here—"a litigant files suit in one forum after receiving adverse rulings, or indications thereof, in another … litigants are not permitted to weigh anchor and set sail for the hopefully more favorable waters of another district whenever they see a storm brewing in the first court." *Tanner v. Navy Fed. Credit Union*, No. 3:24-CV-69-B-BN, 2024 WL 130756, at *2 (N.D. Tex. Jan. 10, 2024) (quotations omitted).

Plaintiffs try to explain this inconsistency away here, arguing that it does not matter because "the Sixth Circuit addressed a case where dismissed opt-ins refiled a separate case while appealing a decertification."  Third Br. at 38 (citing *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2019), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016)). But the *O'Brien* case is inapposite. Unlike *O'Brien*, the district court here never granted decertification. HR-IT never even moved for decertification as there was no dispute that the opt-ins were similarly situated.  Moreover, the *O'Brien* opt-ins never lost on the merits of their claims like the opt-ins here. *Judgement*, R. 117, Page ID ## 2853-2862. Although the specific procedural tactic at issue was different, the Eastern

District of Kentucky's discussion in *Hughes v. Berryhill* is more instructive here than *O'Brien*: "Buoyed by such a ruling, plaintiffs could file [FLSA consents in] actions across the country, find the friendliest forum, and then withdraw their actions from the others. … Our court system cannot—and should not—work this way. *Hughes v. Berryhill*, No. CV 16-352-ART, 2017 WL 3000035, at *1 (E.D. Ky. Feb. 21, 2017).

Similarly here, if the district court's Judgment were construed such that the Opt-Ins Plaintiffs could toll their FLSA limitations period by filing a consent to join this lawsuit but not ultimately be bound by the district court's adverse Judgment and then be permitted to later file the same claims in a perceived friendlier forum, this could be tantamount to explicit permission for the Opt-In Plaintiffs to engage in the very type of judge shopping that courts abhor.

## CONCLUSION

By filing their Notices of Consent with the district court and joining Pickens' lawsuit, the Opt-in Plaintiffs voluntarily *chose* to pursue their claims in the Middle District of Tennessee and expressly agreed to be bound by that district court's judgment. Further, it is undisputed—by both parties—that the Opt-in Plaintiffs are similarly situated to Pickens. The district court also expressly approved the parties' agreement that the Opt-In Plaintiffs were similarly situated Pickens and conditionally certified this class as a collective action under the FLSA, resulting in

the parties fully litigating the Opt-In Plaintiffs' claims together with Pickens' claims for unpaid overtime. Thus, the district court erred when it found that Pickens was the only party plaintiff to this lawsuit. For the forgoing reasons and the reasons set forth in its Cross-Appellant Brief, HR-IT respectfully requests that the Court grant its appeal and find the Opt-in Plaintiffs are party plaintiffs bound to the district court's order finding HR-IT's pay practice satisfied §602(a)'s salary basis test and dismissing Pickens's claims for unpaid overtime with prejudice.

Alternatively, if the Court affirms the district court's ruling that the Opt-in Plaintiffs are not party plaintiffs, HR-IT requests that this Court determine that because the Opt-in Plaintiffs were *never* parties to this lawsuit and the district court never ordered any tolling of the Opt-in Plaintiffs' claims, the applicable statute of limitations period for the Opt-In Plaintiffs' claims was never tolled. Holding otherwise would unfairly permit the Opt-in Plaintiffs a second bite at the apple and encourage other Opt-in Plaintiffs to engage in similarly improper forum shopping and circumvent the FLSA's statute of limitations period.

**Dated:  October 21, 2024**

Respectfully Submitted,

By:  */s/ Ashlee  Cassman Grant*

**Ashlee Cassman Grant**
Texas Bar No. 24082791
Federal ID No. 1607786
**Jennifer R. DeVlugt**
Texas Bar No. 24094624
Federal ID No. 3323698
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas  77002
Telephone:  (713) 751-1600
Facsimile:  (713) 751-1717
agrant@bakerlaw.com
jdevlugt@bakerlaw.com

**Lauren T. Stuy**
Ohio Bar No. 0098853
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone:  (216) 621-0200
lstuy@bakerlaw.com

**ATTORNEYS FOR DEFENDANT –
APPELLEE/CROSS-APPELLANT
HAMILTON-RYKER IT SOLUTIONS,
LLC**

24

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), this brief contains 6,037 words, as determined by the word count function of Microsoft Word.

I further certify that this document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman typeface.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

Counsel for Defendant-Appellee/Cross-Appellant Hamilton-Ryker IT Solutions, LLC

Dated: October 21, 2024

## **CERTIFICATE OF SERVICE**

I certify that on October 21, 2024, a copy of the foregoing Fourth Brief Appellee/Cross-Appellant Reply Brief was filed electronically using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| RE No. | Date | Description | Page ID # |
|---|---|---|---|
| 1 | 02/18/2020 | Complaint | 1-12 |
| 7 | 02/21/2020 | Notice of Filing One Consent to Join (Merritt) | 20-23 |
| 27 | 04/20/2020 | Joint Stipulation Regarding Conditional Certification as a Collective Action and Proposed Schedule for Approval of Notice | 107-111 |
| 28 | 04/22/2020 | Signed Joint Stipulation Regarding Conditional Certification as a Collective Action and Proposed Schedule for Approval of Notice | 112-114 |
| 38 | 05/29/2020 | Plaintiff's Notice of Filing Consent (Cunningham, Easley, Gibson, Jackson, Kodali, Nyman, and Stahl) | 152-160 |
| 39 | 06/03/2020 | Plaintiff's Notice of Filing Consent (Moss) | 161-163 |
| 40 | 06/10/2020 | Plaintiff's Notice of Filing Consent (Swanks) | 164-166 |
| 41 | 06/10/2020 | Plaintiff's Notice of Consent (Knight) | 167-169 |
| 42 | 06/22/2020 | Plaintiff's Notice of Consent (Wilson) | 170-172 |
| 43 | 06/29/2020 | Plaintiff's Notice of Consent (Sanchez) | 173-175 |
| 46 | 07/17/2020 | Plaintiff's Notice of Consent (Tabler) | 181-183 |
| 49 | 12/4/2020 | Order on Joint Motion for Extension to Complete Discovery and File Dispositive Motions | 193-194 |
| 53 | 03/30/2021 | Defendant Hamilton-Ryker IT Solutions, LLC's Motion for Summary Judgment | 203-205 |
| 95 | 04/28/2023 | Defendant Hamilton-Ryker IT Solutions, LLC's Renewed Motion for Summary Judgment | 1566-1568 |
| 96 | 04/28/2023 | Defendant Hamilton-Ryker IT Solutions, LLC's Memorandum in Support of Its Renewed Motion for Summary Judgment | 1569-1600 |
| 97 | 04/28/2023 | Defendant Hamilton-Ryker IT Solutions, LLC's Statement of Undisputed Material Facts in Support of Its Renewed Motion for Summary Judgment | 1601-1639 |
| 98 | 04/28/2023 | Pickens's Motion for Summary Judgment | 2008-2009 |
| 99 | 04/28/2023 | Pickens' Memorandum in Support of His Motion for Summary Judgment | 2010-2034 |
| 117 | 03/28/2024 | Memorandum regarding Plaintiff's Motion | 2853-2862 |

| RE No. | Date | Description | Page ID # |
|--------|------|-------------|-----------|
| | | for Summary Judgment and Defendant's Motion for Summary Judgment | |
| 120 | 04/24/2024 | Pickens' Notice of Appeal | 2865-2866 |
| 121 | 04/25/2024 | Defendant Hamilton-Ryker IT Solutions, LLC's Motion for Clarification or Amendment Regarding Court's March 28, 2024 Memorandum, Order and Entry of Judgment | 2867-2869 |
| 122 | 04/25/2024 | Defendant Hamilton-Ryker IT Solutions, LLC's Memorandum in Support of Its Motion for Clarification or Amendment Regarding Court's March 28, 2024 Memorandum, Order, and Entry of Judgment | 2870-2886 |
| 122-1 | 04/25/2024 | Original Complaint filed in *Merritt v. Hamilton-Ryker IT Sols, Inc.*, No. 3:24-cv-00107, R. 1 (S.D. Tex. Apr. 12, 2024) | 2887-2900 |
| 126 | 5/09/2024 | Pickens's Response to HR-IT's Motion for Clarification or Amendment | 2915-2927 |